IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICK W. ZLUPKO and<br>NENITA R. ZLUPKO,<br>For themselves and for and on<br>behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA<br>and WASHINGTON MUTUAL HOME<br>LOANS, INC.,<br><br>Defendants. | CIVIL ACTION No.<br>02-CV-4772-BMS<br><br>CLASS ACTION |

**ANSWER TO CLASS ACTION COMPLAINT IN CIVIL ACTION**

Defendants Washington Mutual Bank, FA ("WMBFA") and Washington Mutual Home Loans, Inc. ("WMHL") (collectively, "WAMU"), hereby answer the Class Action Complaint in Civil Action (the "Complaint") filed by plaintiffs Erick W. Zlupko and Nenita R. Zlupko as follows:

**FIRST DEFENSE**

**"PARTIES"**

1. On information and belief, WAMU admits the allegations contained in paragraph 1 of the Complaint.

2. WAMU admits the allegations contained in the first sentence of paragraph 2 of the complaint. WAMU states that the Complaint speaks for itself with respect to the definition of the term "WAMU." On information and belief, WAMU admits the allegations on the second sentence of paragraph 2. With respect to the third sentence in paragraph 2, WAMU states that

the Complaint speaks for itself. To the extent the allegations contained in the third sentence in paragraph 2 are inconsistent with the complaint, they are denied.

3.      The allegations contained in paragraph 3 of the complaint are introductory and conclusory in nature, and thus require no response. To the extent a response is required, WAMU denies the allegations.

4.      With respect to the allegations contained in the first sentence of paragraph 4 the Complaint, WAMU admits that WMBFA is a federal association which is in the business of, among other things, servicing residential mortgage loans. All other allegations are denied. WAMU admits the allegations contained in the second sentence of paragraph 4. With respect to the third sentence of paragraph 4, WAMU admits that it is authorized to conduct business in the Commonwealth of Pennsylvania and in many other states. All other allegations are denied.

## "JURISDICTION AND VENUE"

5.      The allegations in paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, WAMU denies the allegations.

6.      The allegations in paragraph 6 of the Complaint, including all of its subparts, are conclusions of law to which no response is required. To the extent a response is required, WAMU denies the allegations.

## "SUMMARY STATEMENT OF THE CASE"

7.      WAMU denies the allegations in the introductory sentence to paragraph 7 of the Complaint.

     a.     WAMU admits the allegations contained in paragraph 7(a) of the Complaint.

    b.  With respect to the first sentence of paragraph 7(b) of the Complaint, WAMU states that the allegations are vague and ambiguous because they fail to identify the documents to which they refer.  Further answering, WAMU denies the allegations in the first sentence of paragraph 7(b).  The allegations contained in the second sentence of paragraph 7(b) are conclusions of law to which no response is required.  To the extent a response is required, WAMU admits that it services certain loans, and makes and holds certain loans, but otherwise denies the allegations.  With respect to the third sentence of paragraph 7(b) of the Complaint, WAMU states that the allegations are vague and ambiguous, because they fail to identify the documents to which they refer.  Further answering, WAMU denies the allegations in the third sentence of paragraph 7(b).

    c.  With respect to the allegations contained in paragraph 7(c) of the Complaint, WAMU admits that the quoted language is contained in the Zlupkos' Note.  Further answering, WAMU admits that similar language is found in the promissory notes contained in certain of the Notes serviced by WAMU.  All other allegations are denied.

    d.  With respect to the allegations contained in paragraph 7(d) of the Complaint, WAMU states that the Note speaks for itself.  To the extent the allegations in paragraph 7(d) are inconsistent with the Note, they are denied.

    e.  With respect to the allegations contained in paragraph 7(e) of the Complaint, WAMU states that the Note speaks for itself.  To the extent the allegations in paragraph 7(e) are inconsistent with the Note, they are denied.  All other allegations are denied.

  8.  WAMU denies the allegations contained in paragraph 8 of the Complaint.

  9.  WAMU denies the allegations contained in paragraph 9 of the Complaint.

  10.  WAMU denies the allegations contained in paragraph 10 of the Complaint.

11. The allegations contained in paragraph 11 of the Complaint, and all of its subparts, are introductory and conclusory in nature, and thus require no response. To the extent a response is required, WAMU denies the allegations. Further answering, WAMU denies that any class should be certified in this case.

## "CLASS ACTION ALLEGATIONS"

12. The allegations contained in paragraph 12 of the Complaint, and all of its subparts, are conclusions of law to which no response is required. To the extent a response is required, WAMU denies the allegations. Further answering, WAMU denies that any class should be certified in this case.

13. WAMU denies the allegations contained in paragraph 13 of the Complaint, including all of its subparts.

    a. WAMU objects to the allegations contained in paragraph 13(a) of the Complaint as vague and ambiguous to the extent that it refers to paragraph "15.b.(1)," as no such paragraph exists in the copy of the Complaint served upon WAMU. Further answering, WAMU denies the allegations, and specifically denies that any class should be certified in this case.

    b. With respect to the allegations contained in paragraph 13(b) of the Complaint, WAMU states that the Complaint speaks for itself. To the extent that the allegations are inconsistent with the Complaint they are denied. All other allegations are denied.

    c. WAMU denies the allegations contained in paragraph 13(c) of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

    d. WAMU denies the allegations contained in paragraph 13(d) of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

   e. WAMU denies the allegations contained in paragraph 13(e) of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

   f. WAMU denies the allegations in paragraph 13(f) of the Complaint.

   g. WAMU denies the allegations contained in paragraph 13(g) of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

   h. Insofar as the allegations contained in paragraph 13(h) of the Complaint concern plaintiffs' knowledge, WAMU states that it lacks sufficient knowledge to respond to the allegations, and therefore puts plaintiffs to their proof.

  14. WAMU denies the allegations contained in paragraph 14 of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

   a. WAMU denies the allegations contained in paragraph 14(a) of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

   b. With respect to the allegations contained in paragraph 14(b) of the Complaint, WAMU states that the Complaint speaks for itself. To the extent that the allegations are inconsistent with the Complaint they are denied. All other allegations are denied.

    (1) With respect to the allegations contained in paragraph 14(b)(1) of the Complaint, WAMU admits that WMBFA services a loan on which plaintiffs are mortgagors. All other allegations are denied. Further answering, WAMU denies that any class should be certified in this case.

    (2) On information of belief, WAMU admits that the Zlupkos executed a mortgage in favor of First American Savings, FA. All other allegations in the first sentence of paragraph 14(b)(2) are denied. On information and belief, WAMU admits the allegations contained in the second sentence of paragraph 14(b)(2) of the Complaint.

5

(3)    WAMU objects to the allegations contained in paragraph 14(b)(3) of the Complaint on the grounds that they are vague and ambiguous to the extent the term "the Note" is undefined.  Based on its interpretation of the term as referring to plaintiffs' mortgage note, WAMU states that the Note speaks for itself.  To the extent that the allegations are inconsistent with the plaintiffs' mortgage note, they are denied.

(4)    With respect to the allegations contained in paragraph 14(b)(4) of the Complaint, WAMU states that the Note speaks for itself.  To the extent the allegations in paragraph 14(b)(4) are inconsistent with the Note, they are denied.  All other allegations are denied.

(5)    With respect to the allegations contained in paragraph 14(b)(5) of the Complaint, WAMU states that the Note speaks for itself.  To the extent the allegations in paragraph 14(b)(5) are inconsistent with the Note, they are denied.  All other allegations are denied.

(6)    WAMU denies the allegations contained in paragraph 14(b)(6) of the Complaint.  Further answering, on information and belief, WAMU admits that Exhibit B is a copy of the document entitled "Loan Payment Transaction History."  WAMU specifically denies that Exhibit B is a complete payment history for the Zlupkos' mortgage loan.  All other allegations are denied.  Further answering, WAMU denies the allegations contained in footnote 4 of the Complaint.  With respect to the allegations contained in footnote 5 of the Complaint, WAMU admits that it is the servicer of the Zlupkos' loan.  All other allegations are denied.

(7)    WAMU denies the allegations contained in paragraph 14(b)(7) of the Complaint.

      (i) With respect to the allegations contained in paragraph 14(b)(7)(i) of the Complaint, WAMU admits that Plaintiffs filed bankruptcy in the Eastern district of Pennsylvania on or about August 10, 1998, and that the case was docketed as case number 98-30080. WAMU further admits that post-petition mortgage payments were credited to the Zlupkos' mortgage account on or about November 23, 1998 and December 30, 1998. All other allegations are denied.

      (ii) With respect to the allegations contained in the first sentence of paragraph 14(b)(7)(ii) of the Complaint, WAMU admits that the plaintiffs filed bankruptcy in the Eastern District of Pennsylvania on or about January 10, 2001, and that the case was docketed as case number 01-10479. All other allegations are denied. With respect to the allegations contained in the second sentence of paragraph 14(b)(7)(ii), WAMU admits, on information and belief, that payments were credited to the Zlupkos' mortgage account on or about February 13, 2001 and March 13, 2001. All other allegations in the second sentence of paragraph 14(b)(7)(ii) are denied. WAMU denies the allegations contained in the third sentence of paragraph 14(b)(7)(ii).

    (8) WAMU objects to the allegations in the first paragraph labeled 14(b)(8) of the Complaint as compound, vague, ambiguous, and in violation of Fed. R. Civ. P. 8(e). To the extent a response is required, the allegations are denied. Further answering, WAMU denies that late charges were assessed to the Zlupkos' account on the 15th day of the month.

    (9) With respect to the allegations contained in paragraph 14(b)(9) of the Complaint, WAMU states that Exhibit D speaks for itself. To the extent the allegations contained in paragraph 14(b)(9) are inconsistent with Exhibit D, they are denied. Further

7

answering, WAMU denies that late charges were assessed to the Zlupkos' account on the 15th day of the month.

(10) WAMU denies the allegations contained in paragraph 14(b)(10) of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

(11) WAMU denies the allegations contained in paragraph 14(b)(11) of the Complaint.

(12) WAMU denies the allegations contained in paragraph 14(b)(12) of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

(13) WAMU denies the allegations contained in paragraph 14(b)(13) of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

(14) WAMU denies the allegations contained in paragraph 14(b)(14) of the Complaint.

15. WAMU denies the allegations contained in paragraph 15 of the Complaint. Further answering, WAMU denies that any class should be certified in this case.

16. WAMU denies the allegations contained in paragraph 16 of the Complaint, including all of its subparts. Further answering, WAMU denies that any class should be certified in this case.

## "CAUSES OF ACTION"

## "COUNT I – CONTRACT"

17. WAMU hereby incorporates by reference its responses to paragraphs 1-16 of the Complaint.

18. With respect to the allegations contained in paragraph 18 of the Complaint, WAMU admits that it has certain legal rights arising at law and by contract, the latter terms of

8

which speak for themselves, including, but not limited to, the right to service loans and charge late fees. WAMU denies any allegations contained in paragraph 18 that are inconsistent with its rights by law or contract. All other allegations are denied.

19. With respect to the allegations contained in paragraph 19 of the Complaint, WAMU admits that it has certain legal rights arising at law and by contract, the latter terms of which speak for themselves, including, but not limited to, the right to service loans and charge late fees. WAMU denies any allegations contained in paragraph 19 that are inconsistent with its rights by law or contract. All other allegations are denied.

20. WAMU denies the allegations contained in paragraph 20 of the Complaint.

### "COUNT II – FAIR DEBT COLLECTION PRACTICES ACT"

21. WAMU hereby incorporates by reference its responses to paragraphs 1-20 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, WAMU denies the allegations. Further answering, WAMU denies the allegations contained in footnote 8 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, WAMU denies the allegations.

24. WAMU denies the allegations contained in paragraph 24 of the Complaint.

25. WAMU denies the allegations contained in paragraph 25 of the Complaint.

26. WAMU denies the allegations contained in paragraph 26 of the Complaint, including all of its subparts.

27. WAMU denies the allegations contained in paragraph 27 of the Complaint.

28. WAMU denies the allegations contained in paragraph 28 of the Complaint.

### "COUNT III – UNFAIR TRADE PRACTICES"

29. WAMU hereby incorporates by reference its responses to paragraphs 1-28 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, WAMU denies the allegations. WAMU specifically denies that any class should be certified in this case.

31. The allegations contained in paragraph 31 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, WAMU denies the allegations. WAMU specifically denies that any class should be certified in this case.

32. The allegations contained in paragraph 32 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, WAMU denies the allegations.

33. WAMU denies the allegations contained in paragraph 33 of the Complaint, including all of its subparts. Further answering, WAMU specifically denies that any class should be certified in this case.

34. WAMU denies the allegations contained in paragraph 34 of the Complaint.

### SECOND DEFENSE

The Complaint, and each allegation contained in it, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over some or all of the claims set forth on behalf of plaintiffs and/or the putative class.

**FOURTH DEFENSE**

The Court lacks personal jurisdiction over Washington Mutual Bank, FA.

**FIFTH DEFENSE**

Venue in this Court is improper for some or all of the claims raised on behalf of plaintiffs and/or the putative class.

**SIXTH DEFENSE**

Some or all of the claims in this case are barred by principles of *res judicata*, collateral estoppel, claim preclusion, judgment or similar concepts.

**SEVENTH DEFENSE**

Some or all of the claims in this case are barred by the plaintiffs' failure to timely raise them in their Chapter 13 cases.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of preemption.

**NINTH DEFENSE**

WAMU hereby incorporates by reference all of the defenses that are or were available to PNC Mortgage Corp. of America ("PNC").

**TENTH DEFENSE**

Plaintiffs' claims are barred based on the prior action pending in this Court.

### ELEVENTH DEFENSE

This Court should not exercise the subject matter jurisdiction it may have over some or all of the claims in this case.

### TWELFTH DEFENSE

Some or all of the claims in this case are barred by the statute of limitations or by laches.

### THIRTEENTH DEFENSE

Plaintiffs' claims for injunctive relief are barred by the doctrine of unclean hands, and because entry of injunctive relief would be inequitable.

### FOURTEENTH DEFENSE

Some or all of the claims in this case are barred by release, judgment, estoppel or waiver.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred because they suffered no damages.

### SIXTEENTH DEFENSE

This case is not appropriate for certification as a class action, and all class allegations and class claims should be dismissed.

### SEVENTEENTH DEFENSE

Plaintiffs lack standing to bring some or all of the claims in this case.

### EIGHTEENTH DEFENSE

Plaintiffs lack standing to bring some or all of the claims in this case because the claims are the property of plaintiffs' bankruptcy estate, in whole or in part.

### NINETEENTH DEFENSE

Plaintiffs have failed to join necessary and/or indispensable parties.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred by compromise and release.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred because WAMU and/or PNC acted in good faith, at all times.

### TWENTY-THIRD DEFENSE

In response to Count I, WAMU asserts that any alleged breach by WAMU of the mortgage note was not a material breach.

### TWENTY-FOURTH DEFENSE

Count I of plaintiffs' Complaint is barred by plaintiffs' prior breach of contract.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims pursuant to 15 U.S.C. §1692a, *et seq.*, 73 P.S. §§ 201.1 et seq., 2270.4, and 2270.5 are barred because PNC and/or WAMU are not debt collectors or creditors of a debt within the meaning of these statutes, or are otherwise exempt from the statutes.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims pursuant to 15 U.S.C. § 1692a, *et seq.* are barred because the claims concern a debt which was not in default at the time it was obtained by PNC and/or WAMU.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims pursuant to 15 U.S.C. § 1692a, *et seq.* are barred because the claims may concern a debt that was originated by PNC for the purposes of the Act.

**TWENTY-EIGHTH DEFENSE**

With respect to Count III, plaintiffs' claim is barred to the extent plaintiffs seek to apply the Pennsylvania statute to non-citizens of the Commonwealth of Pennsylvania, or to the extent the claims are based on actions taken by WAMU and/or PNC outside of Pennsylvania.

**TWENTY-NINTH DEFENSE**

With respect to Count III, plaintiffs' claim is barred to the extent it resulted from a bona fide error made by PNC and/or WAMU notwithstanding the maintenance of procedures adopted by PNC and/or WAMU to avoid such errors.

**THIRTIETH DEFENSE**

With respect to Count III, plaintiffs' claim is barred to the extent it resulted from PNC's and/or WAMU's good faith reliance upon incorrect information offered by third parties.

**THIRTY-FIRST DEFENSE**

With respect to Count III, plaintiffs have not suffered any ascertainable loss of money or property as a result of the alleged violations.

**THIRTY-SECOND DEFENSE**

With respect to absent class members, WAMU reserves all affirmative defenses, including but not limited to the defenses of lack of personal jurisdiction and improper venue, the defense of arbitration, and/or the defenses that some or all of the putative class members have no right to assert claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* and/or that their claims may be barred by the principles of *res judicata*, collateral estoppel, claim preclusion, judgment, or similar concepts.

## THIRTY-THIRD DEFENSE

In response to Count III, WAMU hereby incorporates all defenses available to it under the Unfair and Deceptive Trade Practices Acts of all fifty states.

## THIRTY-FOURTH DEFENSE

WAMU hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, WAMU prays as follows:

1. That the Complaint be dismissed with prejudice and that plaintiffs take nothing thereby; and

2. That WAMU be awarded its costs and disbursements herein, and a reasonable attorneys' fee, to be taxed or awarded as provided by law.

WAMU expressly reserves its right to amend this Answer to assert additional defenses or to make additional claims for further relief as discovery in this action shall warrant.

    Respectfully submitted,

    WASHINGTON MUTUAL BANK, FA, and
    WASHINGTON MUTUAL HOME LOANS, INC.,

    By their attorneys,

    _____
    Barry H. Boise
    PEPPER HAMILTON LLP
    3000 Two Logan Square
    Eighteenth and Arch Streets
    Philadelphia, PA 19103-2799
    (215) 981-4000

Dated: September 13, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2002, a true and correct copy of the foregoing Answer to Class Action Complaint in Civil Action was served on the following counsel of record by first class mail, postage prepaid:

> Stuart A. Eisenberg, Esq.
> McCullough & Eisenberg, P.C.
> 530 West Street Road
> Warminster, PA  18974

                                                                                              _____

                                                                                              Barry H. Boise